**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**JAMES A. WEBB**                                                                                      **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:08-CV-P105-M**

**JACKIE T. STRODE et al.**                                                       **DEFENDANTS**

**MEMORANDUM OPINION**

     Plaintiff, James A. Webb, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

     Plaintiff is a county pretrial detainee at the Warren County Regional Jail. He sues in their individual and official capacities Jailer Jackie T. Strode and Lt. Dianne Martin. He states that on July 7, 2008, he had to defend himself from a "MS13" gang member and federal inmate named Jorges Fernandez, who he states stabbed him with a sharp pencil in his right arm. He states that he was told by a lieutenant at Christian County Regional Jail that county inmates are not to be housed with state or federal inmates. He explains that the federal inmate kept saying that he was going to kill him, so he hit the federal inmate around five or six times. Plaintiff states that after the federal inmate "went down" he stopped hitting him. He also asserts that on May 21 he and Defendant Martin "had gat in to it because she called me a 'NIGGER'." Plaintiff further states that "her words were why are you acting like a Nigger. I asked her to say it agin and she tryed to change what she had said thats w[h]ere my human rights amendments was broke that why I believe she put me in with that Federal inmate." He further alleges that he made

many requests to talk to Defendant Strode, but that Defendant Strode did not do anything.

As relief, he requests monetary and punitive damages, injunctive relief in the form of "stopping them from charging [him with] 1st degree assault," and release from illegal detention and expungement of his records.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

### *Official capacity claims*

Plaintiff sues Defendants in their official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of the Warren County Regional Jail in their official capacities are actually brought against Warren County. *See*

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of

the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint does not identify a policy or policies causing the alleged constitutional violations. In fact, according to the complaint, the policy is that county and federal inmates are not to be housed together. The Court will therefore dismiss Plaintiff's official capacity claims against Defendants.

*Individual capacity claims for injunctive relief*

Plaintiff asks for injunctive relief in the form of "stopping them from charging [him with] 1st degree assault" and release from illegal detention and expungement of records. Had Plaintiff already been convicted of the charged crimes, his claims would face a potential bar under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (any civil rights claim which would necessarily call into question the validity of a criminal conviction is not cognizable until that conviction is reversed or otherwise vacated). Here, Plaintiff indicates that he has not yet been convicted of any crime arising out of the incident with the federal inmate.

Where a plaintiff files a claim related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* Therefore, at a minimum,

4

Plaintiff's claims regarding his prosecution would have to be stayed pending the outcome of his state-court criminal proceedings.

However, "In *Younger* [*v. Harris*, 401 U.S. 37 (1971)], a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

According to the complaint, Plaintiff has a pending criminal case against him in which he is charged with first-degree assault involving the alteration with the federal inmate. The state has an important interest in adjudicating that criminal case. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time.

The record therefore indicates that *Younger* abstention is appropriate with respect to Plaintiff's requests to have the prosecution against him enjoined. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Where *Younger* abstention is appropriate, it requires dismissal of

those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986). Thus, while a stay of these proceedings would be permissible in light of *Heck*-related concerns, dismissal of these claims without prejudice is more appropriate in light of *Younger*.

### III. CONCLUSION

For the foregoing reasons, by separate order, Plaintiff's official capacity claims against Defendants will be dismissed for failure to state a claim. Plaintiff's claims for injunctive relief in the form of dismissing the first-degree assault charges against him will be dismissed. The Court will allow Plaintiff's claims against Defendants in their individual capacities to go forward. In doing so, the Court does not pass judgment on the ultimate merit of those claims. A separate order will be entered to govern the development of those claims.

Date:


cc:      Plaintiff, *pro se*
            Defendants
            Warren County Attorney
4414.009